**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION**

MARQUEL ALI,

        Plaintiff,

v.                             CIVIL ACTION NO.  5:17-cv-03386

RALEIGH COUNTY, et al.

        Defendants.


**MEMORANDUM OPINION AND ORDER**


The Court has reviewed the Plaintiff's *Motion for Leave to File Second Amended Complaint* (Document 40), the *Defendants, Raleigh County, Raleigh County Sheriff's Department, Gary Epling, Jason Redden, and Steven Tanner's Response to Plaintiff's Motion for Leave to File Second Amended Complaint* (Document 44), the *Defendants Kenneth L. Pack and the West Virginia State Police's Response to Plaintiff's Motion to Amend the Complaint* (Document 46), the *Plaintiff's Reply to Defendants Raleigh County, Raleigh County Sheriff's Department, Gary Epling, Jason Redden and Steven Tanner's Response to Plaintiff's Motion for Leave to File Second Amended Complaint* (Document 49), and the *Plaintiff's Reply to Defendants West Virginia State Police's and Kenneth L. Pack's Response to Plaintiff's Motion for Leave to File Second Amended Complaint* (Document 50).

The Court has also reviewed the Plaintiff's *Motion for Leave to File Amended Complaint to Reassert Section 1983 Claim Against Defendant Raleigh County* (Document 213), the *Defendant Raleigh County's Response to Plaintiff's Motion* (Document 221), and all attached

1

exhibits. Having reviewed the Plaintiff's *Motion for Leave to File Reply Out of Time* (Document 225), the Court finds the same should be granted, and has therefore reviewed the *Plaintiff's Reply to Defendant Raleigh County's Response to Plaintiff's Motion for Leave to File Amended Complaint to Reassert Section 1983 Claim Against Defendant Raleigh County* (Document 226).

## FACTS

The Court has set forth, in great detail, the facts of this action in multiple opinions and incorporates those facts herein. For the purpose of addressing these motions, however, the Court offers the following brief summary of the facts. The Plaintiff, Mr. Ali, initiated this action with a complaint on June 23, 2017, alleging several violations of his constitutional and civil rights against multiple personal, municipal, and state Defendants. On July 7, 2017, the Plaintiff filed a motion to amend his complaint, and on August 14, 2017, the Court granted that motion and the *Amended Complaint* (Document 23) was filed. During the pendency of several different motions to dismiss filed separately by the Defendants, the Plaintiff filed a motion for leave to amend his complaint for a second time. The Court issued rulings on four of those motions to dismiss (Documents 73, 74, 75, and 76) on March 29, 2018. While the remaining motion to dismiss and the Plaintiff's second motion for leave to amend were being considered by the Court, the Plaintiff filed his third motion for leave to amend. Trial is scheduled to begin January 28, 2019. The discovery deadline was August 31, 2018.

## STANDARD OF REVIEW

Rule 15(a)(2) of the Federal Rules of Civil Procedure encourages Courts to freely grant motions for leave to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). "A

district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Ctr. v. Niles Bolton Associates*, 602 F.3d 597, 603 (4th Cir. 2010). Rule 16(b) of the Federal Rules of Civil Procedure provides that "a schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Thus, "after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008).

## DISCUSSION

### A. *Plaintiff's Motion to File Second Amended Complaint*

The Plaintiff filed his motion for second amended complaint on October 3, 2017, one day after the October 2, 2017 deadline for amendments and joinder in the *Scheduling Order* (Document 32). Because this motion was past the deadline, Rule 16(b) applies, and the Plaintiff must satisfy the good cause standard. The Court finds that the Plaintiff has failed to do so. While the Plaintiff is correct that the tardiness of his filing amounted to a mere twelve-minute delay, and that it was not particularly untimely, he provides no basis for a finding of good cause to amend his complaint other than reasonable anticipation that he would get the motion filed before the deadline was passed. As the Plaintiff stated in his reply briefs, the good cause standard also focuses on the moving party's reasons for seeking amendment. The Plaintiff's motion is completely void of any reason for seeking to amend, however, and merely states that the Court should allow him to amend his complaint because, until he filed it past the deadline, it was timely and resulted in no prejudice to the Defendants.

The Court finds this "argument" fails to satisfy good cause. The proposed second amended complaint (Document 40-1) adds factual allegations and changes the order in which some of the claims are presented but does not add any new claims. Moreover, it was filed during the Court's consideration of five motions to dismiss which had been or were nearly fully briefed by all parties, including the Plaintiff who had previously been given the opportunity to amend his complaint. Because the Court's orders on the motions to dismiss were based almost entirely on legal issues, such as immunity and statutes of limitations, the few factual allegations added to the complaint and the reordering of claims would not change the outcomes of the motions to dismiss. Given the failure to offer good cause, even in his reply brief, the Plaintiff's motion to file a second amended complaint should be denied.

### B. Plaintiff's Motion to Reassert Claims Under 42 U.S.C. § 1983

The Plaintiff's most recent motion seeks leave to amend his complaint to reassert claims against Raleigh County pursuant to 42 U.S.C. § 1983. He asserts that deposition testimony of a witness previously employed by the prosecuting attorney's office in Raleigh County is evidence that the office maintained a practice of withholding exculpatory and impeachment evidence from criminal defendants during the plea negotiation stage of their prosecution in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Specifically, the Plaintiff asserts that the witness testified to a practice in the prosecutor's office of delaying disclosure of evidence related to the identity and statements of confidential informants even after the filing of a discovery motion. Under the alleged practice this information is not disclosed until trial is imminent. The Plaintiff argues that because the majority of criminal cases in Raleigh County are resolved by guilty plea, and because witness testimony indicates that exculpatory information is regularly not disclosed during the plea

negotiation stage, the deposition testimony is evidence of Raleigh County's custom and practice of violating defendants' constitutional rights. Thus, the Plaintiff argues that he has sufficient evidence to amend his complaint to reassert Section 1983 claims, and that this amendment would not be futile.

Raleigh County counters that the amendment would be futile. It contends that the Plaintiff has failed to "point to any testimony indicating that the Raleigh County Prosecutor's office had a policy or custom of delaying production of *Brady* material during plea negotiations." (Def.'s Resp., at ¶ 48.) Raleigh County further argues that, even if the Plaintiff had established evidence of such a claim through evidentiary testimony, the Plaintiff did not enter into a plea agreement or plead guilty during his criminal proceedings, and therefore cannot present a claim that he was injured during the plea negotiation stage.

Regardless of the merits of the Defendant's alleged conduct,[1] the Plaintiff in this case has failed to allege any causal link between Raleigh County's withholding of exculpatory evidence during plea negotiations and a violation of his constitutional rights. The Plaintiff admits that he did not plead guilty, that he was eventually provided the exculpatory evidence at issue before his trial, and that he was ultimately acquitted of the crimes for which he was charged. "[A] plaintiff seeking to impose liability on a municipality under [Section] 1983 [is required] to identify a

---

1 The Fourth Circuit has held that the due process protection in *Brady* requiring the disclosure of exculpatory evidence is a "*trial* right. It requires a prosecutor to disclose evidence favorable to the defense if the evidence is material to either guilt or punishment and exits to preserve the fairness of a trial verdict." *United States v. Moussaoui*, 591 F.3d 263, 285 (4th Cir. 2010) (emphasis in original). While understanding and accepting that precedent, this Court is inclined to agree with the reasoning espoused by the West Virginia Supreme Court, as well as several other federal circuits, that the "fundamental principles" of protecting a criminal defendant's constitutional rights "compel the conclusion that a defendant's constitutional due process rights, as enumerated in *Brady* . . . extend to the plea negotiation stage of the criminal proceeding . . . ." *Buffey v. Ballard*, 782 S.E.2d 204, 212-18 (W.Va. 2015). *See also*, *United States v. Ohiri*, 133 Fed.Appx. 555, 562 (10th Cir. 2005); *Sanchez v. United States*, 50 F.3d 1448, 1453 (9th Cir. 1995); *United States v. Persico*, 164 F.3d 796, 804-05 (2d Cir. 1999); *White v. United States*, 858 F.2d 416, 422 (8th Cir. 1988); *Campbell v. Marshall*, 769 F.2d 314, 321 (6th Cir. 1985).

municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 403 (1997) (quoting *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694 (1978)). "The plaintiff must also demonstrate . . . a *direct causal link* between the municipal action and the deprivation of federal rights." *Brown*, 520 U.S. at 404 (emphasis added). Mr. Ali's motion is devoid of any causal link between the alleged withholding of exculpatory evidence during plea negotiations and the deprivation of his rights, or any injury during plea negotiations inasmuch as he did not plead guilty and was eventually acquitted.

If the evidence provided by the Plaintiff is accurate, and the Raleigh County Prosecuting Attorney's office maintains a practice of withholding exculpatory evidence from defendants at the prosecution's discretion, the Court would be remiss if it failed to condemn such conduct. If the prosecution has in its possession exculpatory evidence during plea negotiations and fails to disclose it, the defendant cannot knowingly and voluntarily enter into a plea agreement. This conduct is completely inappropriate. Exculpatory evidence will most certainly affect how the defendant's counsel makes decisions and effectively advises her client, especially at a time when the *vast majority* of criminal proceedings are resolved through guilty pleas. Defendants and their attorneys evaluate the decision of whether to plead, not based solely on the defendants' assessment of his own guilt, but on the risks posed by proceeding to trial—risks that can be evaluated only through review of the Government's evidence, including that which is exculpatory. Again, however, in this instance the Plaintiff has failed to allege any causal link between that alleged practice and any injury. Amending his complaint would therefore be futile.

**CONCLUSION**

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that the *Motion for Leave to File Second Amended Complaint* (Document 40) and the *Motion for Leave to File Amended Complaint to Reassert Section 1983 Claim Against Defendant Raleigh County* (Document 213) be **DENIED**. The Court further **ORDERS** that the *Motion for Leave to File Reply Out of Time* (Document 225) be **GRANTED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:    September 14, 2018

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA